# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIDANIA MARTINEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONGYI CUI, M.D., )<br>)<br>Defendant. )<br>) | Civil Action No.<br>06-40029-FDS |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTIONS FOR ATTORNEY'S FEES AND COSTS

**SAYLOR, J.**

Defendant Hongyi Cui has moved for (1) costs as a prevailing party in this lawsuit and (2) attorney's fees in connection with an earlier award of sanctions against the plaintiff.

**I.     Background**

Plaintiff Eridania Martinez alleged that during an emergency room visit to UMass Memorial Center, Cui, a resident physician completing a rotation in the emergency room, digitally raped her anally and vaginally while purporting to conduct a medical examination. Plaintiff filed claims against defendant under 42 U.S.C. § 1983, alleging violation of her civil rights, as well as supplemental state law claims for violation of the Massachusetts Civil Rights Act, sexual assault and battery, and intentional infliction of emotional distress.

On August 29, 2007, in an order announced in open court, the Court granted defendant's motion to strike references to Barbara Harrington, a potential witness in the case, and ordered

sanctions against plaintiff's counsel for the mischaracterization of Harrington's testimony. The sanctions ordered were subject to a filing showing defendant's costs of preparing the motion to strike. On January 27, 2009, defendant filed a motion for attorney's fees pursuant to the order for sanctions and supported the motion with an affidavit by defense counsel outlining time he logged preparing the motion.

The case was tried to a jury over the course of six days. The jury returned a verdict in favor of Cui on all counts on February 9, 2009. On March 5, 2009, defendant renewed his motion for attorney's fees relating to the Barbara Harrington issue. The same day, defendant filed two additional motions seeking prevailing party costs. One of these motions, although styled as a motion on the docket, is simply the defendant's bill of costs. The second motion asks the Court for entry of an order on that bill of costs.

For the reasons set forth below, defendant's bill of costs will be approved in part and defendant's motions for attorney's fees will be granted in part.

## II.     Motion for Costs as a Prevailing Party

Defendant Cui seeks recovery of his costs as a prevailing party. Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "There is a background presumption favoring cost recovery for prevailing parties." *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 (1st Cir. 2008) (citing *In Re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 963 (1st Cir. 1993)). Nonetheless, the district court has broad discretion under Rule 54(d) to refuse to award fees even

to prevailing parties. *Ross v. Saint Augustine's College*, 103 F.3d 338, 344 (4th Cir. 1996).[1]

"Congress has enumerated the type of expenses that a federal court 'may tax as costs.' Rule 54(d) works in tandem with the statute." *In re Two Appeals*, 994 F.2d at 962 (citing 28 U.S.C. § 1920). The categories of costs that can be taxed under Rule 54(d) include, among other things, "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; . . . Fees and disbursements for printing and witnesses; [and] Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2)-(4).

In his bill of costs, defendant seeks the costs of obtaining deposition transcripts ($2,842.05); witness fees ($9,200); fees for exemplification and copying ($112.56); and other costs, which appear to relate to the preparation of demonstrative chalks used at trial ($689.50) and which the Court will treat as an additional exemplification cost. Plaintiff objects on multiple grounds.

### A.     **Limitations on Recovery of Costs**

First, plaintiff contends that defendant's bill includes costs that are not taxable by law or for which the supporting documentation appears inadequate. Specifically, she objects to the inclusion of deposition transcript costs related to witnesses—Dr. Counihan, Irene Korzep, Dr. Tebo, Nurse Nguyen, Jennifer Burgos, and Rosalina Martinez—who were not called at trial and whose transcripts were not introduced as evidence or otherwise used at trial. This contention is

---

[1] "Beyond the presumption favoring cost recovery for prevailing parties, there is also fairly general agreement that a district court may not exercise its discretion to disallow a prevailing party's bill of costs in whole or in part without articulating reasons." *In re Two Appeals*, 994 F.2d at 963.

almost entirely without merit. As an initial matter, plaintiff is factually mistaken as to Ms. Nguyen, who was indeed called at trial. Furthermore, according to defendant's itemization, which plaintiff has not disputed, the depositions of Counihan, Korzep, Tebo, Nguyen, and Burgos were all taken *by plaintiff,* and Rosalina Martinez (although deposed by defendant), was listed by plaintiff as a rebuttal witness.[2]

With respect to taxation of deposition costs, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (citing *LaVay Corp. v. Dominion Federal S. & L. Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)); *see also Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985) (holding "that if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party[ and that i]t is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial"). Although courts are reluctant to tax costs for depositions obtained for the convenience of counsel or for purely investigatory or discovery purposes, *see, e.g.*, *Adams v. Teamsters Local 115*, 2007 U.S. Dist. LEXIS 51463, at *32 (E.D. Pa. July 17, 2007), given that all of these witnesses were either deposed at the request of plaintiff, or potential plaintiff witnesses, or both, there can hardly be any suggestion that these depositions were taken for *defendant*'s investigative or discovery purposes or purely for defense counsel's convenience.

More problematic is defendant's inclusion of $9,200 in expert witness fees. As plaintiff

---

[2] In addition, as late as the close of the fourth day of the trial, comments made by plaintiff's counsel on the record indicate that *plaintiff* was evidently still debating whether to call Dr. Counihan as a rebuttal witness.

4

correctly points out, expert witness fees are not recoverable beyond a statutorily prescribed *per diem*. *See Denny v. Westfield State College*, 880 F.2d 1465, 1468 (1st Cir. 1989) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), for the proposition that Fed. R. Civ. P. 54(d) does "not constitute an independent source of judicial discretion sufficient to shift the burden of expert witness fees"); *Walden v. City of Providence*, 2008 U.S. Dist. LEXIS 82002, at *34-*35 (D.R.I. Oct. 15, 2008) ("The First Circuit has declined to allow the fees of expert witnesses in excess of the witness fees provided in 28 U.S.C.§ 1821.") (collecting cases). Thus, and in accordance with § 1821, Cui is entitled to seek only the standard "attendance fee of $40 per day for each day's attendance" for Dr. Setnik. The bill of costs will accordingly be reduced by $9,160.

Plaintiff next objects to defendant's failure to provide any detail regarding the $112.56 he seeks in photocopying costs, including failure to specify what exactly was copied and the photocopying rate. "Costs of photocopies are included under § 1920(4), provided that they are 'reasonably necessary to the maintenance of the action' While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity." *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 210 (D.R.I. 2008) (internal quotation, citation and original textual alteration omitted). "In the case of photocopying, counsel should inform the Court of the number of copies, the cost of each copy, and provide, if possible, a breakdown of the reasons why photocopying of certain documents was necessary." *In re Motor Freight Express*, 80 Bankr. 44 (Bankr. E.D. Pa. 1987), *quoted in In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 237 (1st Cir. 1997).

Here the Court has not been provided with defendant's photocopying rate, the total number of copies, or a breakdown of the reasons why photocopying of certain documents was necessary. On his "Itemization and Documentation for Bill of Costs," defendant merely includes an entry under "COPYMAKERS" that reads: "3/15/06/Fee (payment date)/$112.56." Even if the reporting of the year as 2006 instead of 2009 is a typographical error, this is insufficient. It is not clear whether this cost reflects in-house or third-party photocopying. Although defendant states that the cost was a "fee," he does not submit any supporting invoice. "Even if only by reasoned approximation, therefore, [the prevailing party] needed either to demonstrate the various components of its in-house photocopying costs (e.g., the prorated cost of purchasing or leasing the photocopier, the copy paper, and salaries attributable to making the copies), or show the prevailing cost of comparable outside copy services." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d at 237.

Because of defendant's failure in this regard, the Court has doubts about simply awarding the requested amount. However, the Court does note that defendant's trial exhibits alone encompass some 165 pages. Seeking to strike a balance between the presumption in favor of cost recovery and the obligations of the prevailing party on a motion for costs, and following the prudence of other courts that have reduced undocumented photocopying costs, the Court will award one-half of defendant's requested photocopying costs. *See, e.g.*, *Bowling*, 582 F. Supp. 2d at 210 (reducing requested photocopying amount by 50% in order to account for unnecessary copies where, despite reporting total number of pages copied and price per copy, the prevailing party failed to provide evidence as to the necessity of the copies); *Rice v. Sunrise Express, Inc.*,

237 F. Supp. 2d 962, 981 (N.D. Ind. 2002) ("There is no itemization to show what items were copied or for what purpose they were copied. As a result, the court shall reduce the number of copies by 20% to account for the possibility that some copies were made for the convenience of counsel and the parties."). The defendant's bill of costs will thus be further reduced by $56.28.[3]

Finally, Martinez challenges the claim for costs associated with defendant's demonstrative trial exhibits, on the grounds that such costs are not recoverable under § 1920(4). In support of this proposition, plaintiff relies on *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371 (Fed. Cir. 2006). The *Summit* court concluded "that the First Circuit would adopt a narrow definition of 'exemplification' for purposes of section 1920." 435 F.3d at 1377-78. It should be noted that district courts in the Circuit have adopted contrary positions, both before and after the decision in *Summit*. *See, e.g.*, *Bowling*, 582 F. Supp. 2d at 209 ("Under this section [28 U.S.C. § 1920(4)], various kinds of demonstrative evidence may be awarded."); *United States v. Davis*, 87 F. Supp. 2d 82, 88 (D.R.I. 2000) ("Costs for exemplification have been interpreted to include demonstrative evidence such as models, charts, photographs, illustrations, and other graphic aids.") (citing Costs and Expenses in Federal Court, 101 F.R.D. 553, 584-85).

However, "[e]ven assuming that section 1920(4) encompasses fees for enlargements, trial boards, blow-ups and mounting of photographs, there must be a showing that the fees are necessary as opposed to merely convenient or helpful." *Walsh v. Paccar, Inc.*, 2007 U.S. Dist. LEXIS 53767, at *10 (D. Mass. July 25, 2007) (internal citation omitted); *see also* Costs and

---

[3] The Court decreases defendant's copying costs by more than 20% because, in addition to failing to report the total number of copies and the reasons therefor, defendant has also failed to specify the price per page, a factor that has led other courts to decrease costs further after already reducing the award for potentially unnecessary copies.

Expenses in Federal Court, 101 F.R.D. at 585 ("In practice, however, demonstrative evidence is rarely perceived by the court as being so essential to the prevailing party's case as to warrant taxation of costs absent prior approval.") (collecting cases).  The "exemplification" at issue here, a blow-up of a timeline of events, was not essential to defendant's success or necessary for the jury's understanding of the issues at trial.  Consequently, defendant's bill of costs will be further reduced by $689.50.

In light of the foregoing, defendant's bill of costs will be reduced as follows:

|  | **Requested Amount** | **Awarded Amount** |
|---|---|---|
| Transcript Costs | $2,842.05 | $2,842.05 |
| Witness Fees | $9,200.00 | $40.00 |
| Copying Costs | $112.56 | $56.28 |
| Other Costs (Demonstrative) | $689.50 | $0 |
|  |  |  |
| **Total** |  | **$2,938.33** |

### B.  Discretionary Considerations

Plaintiff also invokes the Court's discretion to deny costs.  Although plaintiff puts forward multiple reasons why the Court should exercise its discretion to deny costs, only two need be addressed:  her financial constraints and the alleged chilling effect of awarding costs in a civil rights case.

#### 1.  Inability to Pay

Although there is a presumption favoring cost recovery for prevailing parties, there is also support for declining to tax those costs where "the losing party is indigent."  *In re Two Appeals*,

994 F.2d at 963 (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984)). "[T]he district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). The *Rivera* court also emphasized that the indigence exception "is a narrow one. Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." 469 F.3d at 636. *See also In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464 (3d Cir. 2000) (holding that "if a losing party is indigent or unable to pay the full measure of costs, a district court *may, but need not automatically*, exempt the losing party from paying costs") (emphasis added).

Martinez has submitted an affidavit to support her claim of indigence. According to her affidavit, she is not employed at present and has no income. (Martinez Aff. ¶ 7). She owns no real property. (Martinez Aff. ¶ 10). Apparently, she had owned property in Worcester that was the subject of a foreclosure action some time last year, for which she may yet face a deficiency judgment. (Martinez Aff. ¶ 13). She is recently separated from her husband and currently staying with a friend. (Martinez Aff. ¶ 6). She is a mother of two, including an eleven-year-old. Her only valuable possession is a 1996 Chevrolet Cavalier. (Martinez Aff. ¶ 11). She was recently released from a psychiatric facility, where she was involuntarily committed by her husband. In sum, Martinez states: "I am in no financial position to pay for these costs at this time. I do not

expect my situation to change in the foreseeable future." (Martinez Aff. ¶ 16).

There is information concerning Martinez's financial situation that appears to be missing. Specifically, the Court does not have before it any information concerning her average monthly expenses; her past and future earning capacity; whether she receives child support currently, or expects to receive it from her estranged husband; or whether there is a potential for division of assets upon divorce.

Because Martinez did not provide a schedule of expenses, she has arguably failed to carry her burden of proving indigence. *See Rivera*, 469 F.3d at 637.[4] However, rather than reject plaintiff's claim of indigence out of hand, the Court simply notes that there is no contrary evidence in the record, and a reasonable inference may be drawn that she cannot afford to pay nearly three thousand dollars in costs. The Court will therefore award a reduced amount. Given

---

[4] In his concurring opinion in *Rivera,* Judge Easterbrook defended the practice of taxing costs even against indigent losing parties:

> If an indigent person hits someone with a car and causes a $ 1,000 loss, the court will award $ 1,000 without regard to the driver's income. If an indigent person hits someone with a lawsuit and causes a $ 1,000 loss (in costs of defense), the same consequence should ensue: an award of $ 1,000. For either award, whether collection occurs is a question for bankruptcy (including the state law of exemptions).
>
> When a debtor cannot pay all creditors in full, but can pay something, there is no reason why prevailing litigants who are out of pocket should receive nothing while other creditors retain valid claims. And when a debtor is so destitute that he cannot pay anything, there is no harm in the award of costs. It is only when a person can pay (but tries to persuade a court otherwise) that the award matters.
>
> Instead of trying to administer debt relief one claim at a time, creating an odd (and extra-statutory) set of priorities, district judges should award costs and let the collective bankruptcy proceeding handle all debts and all creditors at one go, according to the Bankruptcy Code--which governs not only which claims are paid first but also how much a debtor with a given level of income must pay to creditors in the aggregate, and over how much time.

*Rivera*, 469 F.3d at 637-38 (Easterbrook, J., concurring).

her situation, any amount that plaintiff would appear to be able to afford would be relatively trivial and somewhat symbolic under the circumstances; nonetheless, such an award would appear to best comport with the spirit of Rule 54(d). Accordingly, defendant's bill of costs is approved in the amount of, and plaintiff is ordered to pay, $100 in costs. The Court will retain jurisdiction over this matter for one year, and will consider reopening the issue of costs upon the submission of evidence that plaintiff's financial condition has materially improved.[5]

### 2. **Alleged Chilling Effect**

Plaintiff also urges that defendant not be awarded costs because of the potential chilling effect on future civil rights litigants. *See, e.g.*, *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *Mulvihill v. Spalding Worldwide Sports*, 239 F. Supp. 2d 121, 122 (D. Mass. 2002) (denying prevailing party costs based, in part, on "public policy considerations [that] counsel restraint in imposing costs" "in a case raising important issues"). However, "several courts of appeals have approved the taxation of costs against indigent civil rights plaintiffs." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (collecting cases), and the seriousness of the allegations also raises concerns for defendants.

Here, defendant was subjected to allegations that he sexually abused a patient in his care at a hospital, and was cleared in all respects. The Court sees no reason to saddle prevailing defendants in civil rights cases with a financial burden not imposed on other prevailing litigants, and accordingly declines to hold categorically that costs should not be imposed in such cases. Instead, the Court will exercise its discretion based on plaintiff's indigence, not the nature of the

---

[5] The Court will also consider reopening of the issue should plaintiff prevail in her appeal and ultimately receive a substantial damages award in this case.


lawsuit.

### III.  Attorney's Fees

Defendant is, however, entitled to attorney's fees associated with preparing the motion to strike certain references to Barbara Harrington, a potential witness, in accordance with the Court's order announced in open court on August 29, 2007.  In his supporting affidavit, defense counsel states that his "best estimate of the total amount of attorney's fees incurred in connection with the Motion to Strike is 10.00 hrs/$1,650.00."

Plaintiff has asked the Court to deny the motion or reduce the award.  Plaintiff notes that the motion in question consisted of a total of three single-spaced pages, only three paragraphs of which represented substantive argument of the issue, and that the remaining portions of the motion appeared, in whole or in part, in other pleadings filed by the defendant both before and after the motion to strike.  Moreover, "[p]laintiff submits that an average qualified attorney in Massachusetts would need 1.5 hours to prepare the motion and to prepare for argument."  (Pl. Opp. at ¶ 15).

The Court notes that listed in defense counsel's documentation, and apparently not excluded as reflecting time spent on other issues, are two entries (totaling 1.8 hours) for time logged *after* the Court's order imposing sanctions.  Furthermore, the Court concludes that the total amount of time is somewhat excessive, given the relatively straightforward subject matter.  Accordingly, the Court will award $495 ($165 x 3) in sanctions as to this matter, to be paid by plaintiff's counsel within thirty days of the date of this Order.

**IV.** **Conclusion**

For the foregoing reasons,

Defendant's motion for attorney's fees as a sanction in connection with the Harrington matter is GRANTED in part. Defendant is awarded $495 in attorney's fees as sanctions, to be paid by plaintiff's counsel within thirty days of the date of this Order.

Defendant's bill of costs is APPROVED in part. Plaintiff is ordered to pay $100 in costs. The Court will retain jurisdiction over this matter for one year, and will consider reopening the issue of costs upon the submission of evidence that plaintiff's financial condition has materially improved.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: April 13, 2009